UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Cesar RAMOS-Vasquez,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Magistrate Docket No. '08 MJ.0308

COMPLAINT FOR VIOLATION OF:

Title 8, U.S.C., Section 1326
Deported Alien Found in the
United States

The undersigned complainant, being duly sworn, states:

On or about **February, 01 2008** within the Southern District of California, defendant, **Cesar RAMOS-Vasquez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **4th** DAY OF **FEBRUARY 2008**

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Cesar RAMOS-Vasquez

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On February 1, 2008, Border Patrol Agent S. Pritchard and Border Patrol Agent G. Regalado were performing Roving Patrol in full Border Patrol uniform in a marked DHS law enforcement sedan in the area of Highway (HWY) 395 in San Diego County.

At approximately 10:15 A.M., the agents were driving south on HWY 395 when they observed a northbound white Ford Focus coupe driven by a male with one female front seat passenger visible. The Ford Focus was a few miles south of the Riverside/San Diego County line. The female suddenly appeared startled and appeared to be holding her breath as they passed the marked vehicle. Agent Regalado and Agent Pritchard followed the vehicle as this is a route commonly utilized by smugglers of illegal aliens and narcotics as they move their cargo north from the border to the interior of the United States and attempt to circumvent the United States Border Patrol Interstate 15 (I-15) Checkpoint. As the Agents followed the vehicle it approached the stop sign at Rainbow and Highway 395. As it approached the stop sign the driver did not fully stop, as if deciding whether or not to enter the I-15. This stop sign is located at an intersection where the driver could easily determine that the Checkpoint was not operational. Both occupants appeared to be nervous and were looking directly ahead, not moving or interacting with one another. This is not normal activity for people driving in their vehicles; however, it is common for individuals who are illegally present in the United States to act in this manner when they are approached by the Border Patrol. As the Agents drove alongside the vehicle on the I-15 northbound, Agent Regalado and Agent Pritchard observed that the steering wheel and dashboard were missing parts. This characteristic is common among stolen vehicles, which are often used by smugglers to move aliens or narcotics north from the border. A record check of the plate identified it as being registered to a person in San Diego, California. In the agent's experience normal travel from the San Diego area will be directly on northbound I-15 rather than exiting and re-entering the I-15. Agent Regalado and Agent Pritchard initiated a vehicle stop along the I-15 northbound, just north of State Route 79 South.

Agent Regalado and Agent Pritchard approached the vehicle and identified themselves as United States Border Patrol Agents to the occupants. Agent Pritchard performed a field immigration Interview on the driver, later identified as the defendant **Cesar RAMOS-Vasquez**, and the passenger. Both readily admitted to being citizens and nationals of Mexico illegally present in the United States. Both were taken into custody and transported to the I-15 Checkpoint for further identification and processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on July 13, 2006** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**CONTINUATION OF COMPLAINT:** ~~Case 3:08-cr-00601-JLS~~ Document 1   Filed 02/04/2008   Page 3 of 3
**Cesar RAMOS-Vasquez**

**Executed on February 2, 2008 at 10:00 a.m.**

_____
Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **three** page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **October 15, 2007**, in violation of Title **8**, United States Code, Section **1326**.

_____
Ruben B. Brooks
United States Magistrate Judge

2/2/2008 at 12:15 p.m.
_____
Date/Time